UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

BEHZAD A. SAMIMI,              :
                               :
            Plaintiff,         :
                               :
v.                             :     Case No. 3:05-cv-30054-MAP
                               :
TYCO HEALTHCARE/               :
LUDLOW, LUDLOW TECHNICAL       :     Electronically Filed
PRODUCTS,                      :
                               :
            Defendant.         :
---

**DEFENDANT LUDLOW TECHNICAL PRODUCTS,
A DIVISION OF TYCO HEALTHCARE GROUP LP'S
<u>MOTION TO DISMISS</u>**

Pursuant to FED. R. CIV. P. 12(b)(6) and Local Rules 7.1, defendant Ludlow Technical Products, A Division of Tyco Healthcare Group LP ("Ludlow"), moves to dismiss all claims against it on the grounds of *res judicata*, statutes of limitations, and failure to exhaust administrative remedies. Ludlow shall rely upon the Memorandum of Law submitted herewith.

## CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), counsel for Ludlow, Evan J. Shenkman, Esq., certifies that his colleague, Lynelle J. Slivinski, Esq., attempted in good faith to confer with plaintiff, Behzad A. Samimi, about this motion and to resolve or narrow the issues, but was unable to reach him.

LUDLOW TECHNICAL PRODUCTS, A DIVISION OF
TYCO HEALTHCARE GROUP LP
By its attorneys

s/ Evan J. Shenkman

_____
Evan J. Shenkman (BBO #650524)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 402
Morristown, NJ 07960
(973) 656-1600

## CERTIFICATE OF SERVICE

I, Laura Leone, hereby certify under the pains and penalties of perjury that on September 14, 2005, I served a copy of this Motion to Dismiss by first class mail, postage prepaid, upon pro se plaintiff:

Behzad A. Samimi
36 Emerald Road
Springfield, MA 01119

*Laura Leone*
Signature

1373882-1

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

BEHZAD A. SAMIMI,

        Plaintiff,

v.                                                                                  Case No. 3:05-cv-30054-MAP

TYCO HEALTHCARE/
LUDLOW, LUDLOW TECHNICAL                                   Electronically Filed
PRODUCTS,

        Defendant.

---

**MEMORANDUM IN SUPPORT OF
DEFENDANT LUDLOW TECHNICAL PRODUCTS,
A DIVISION OF TYCO HEALTHCARE GROUP LP'S
<u>MOTION TO DISMISS</u>**

I.    **INTRODUCTION**

Plaintiff Bezhad A. Samimi instituted this lawsuit on February 23, 2005. Plaintiff, however, had previously instituted another lawsuit against defendant Ludlow Technical Products, a Division of Tyco Healthcare Group LP ("Ludlow").[1] The first action was filed in the United States District Court for the District of Massachusetts under case number 3:04-cv-30115-MAP, named the same defendant, and made the same allegations. It was assigned to Your Honor, who dismissed it for failure to state a claim. An appeal of Your Honor's denial of plaintiff's Motion for Reconsideration is currently pending before the First Circuit Court of Appeals. As the subject and parties of both lawsuits are identical, and a final judgment on the merits was rendered on the first action, this action must be dismissed on the ground of *res judicata*. Moreover, this action is barred because plaintiff's claims were not filed within the

---

[1] In the first action, plaintiff misnamed Ludlow as Tyco Healthcare/Ludlow/Kendall-Ludlow Technical Products, LTP. In the within action, plaintiff misnamed Ludlow as Tyco Healthcare/Ludlow/, Ludlow Technical Product, Chicopee, MA. Ludlow is not affiliated with any entity with either of the names alleged by plaintiff.

applicable statutes of limitation periods and because plaintiff failed to exhaust administrative remedies.

## II.   FACTUAL BACKGROUND

Plaintiff was employed as a Production Supervisor in the gels production area at Ludlow's facility in Chicopee, Massachusetts. His employment lasted from June 2000 through February 8, 2002, when his position was eliminated due to a difficult economic climate and decline in business. Plaintiff was selected for layoff because he had many years' less seniority than the Production Supervisor in the group with which his department was combined.

## III.   PROCEDURAL HISTORY

### A.   OSHA COMPLAINT

On or about August 6, 2002, plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA") about alleged safety complaints which he claimed resulted in retaliatory discharge. OSHA dismissed plaintiff's complaint because it was barred by the applicable statute of limitations.

### B.   MCAD CHARGE

On or about August 14, 2002, plaintiff filed a 17-page charge with the Massachusetts Commission Against Discrimination ("MCAD") alleging discrimination based on national origin. The charge primarily alleged that plaintiff was discharged for reporting safety concerns. The MCAD dismissed plaintiff's charge on or about May 5, 2003 for lack of probable cause. The MCAD also denied plaintiff's appeal of its lack of probable cause finding on or about September 11, 2003.

C.   EEOC FILING

With the filing of his MCAD complaint, plaintiff requested that it be dually filed with the Equal Employment Opportunity Commission ("EEOC"), which it was. On March 25, 2004, the EEOC adopted the MCAD's findings and issued a Notice of Suit Rights.

D.   THE FIRST ACTION

On June 17, 2004, plaintiff filed a Complaint against Ludlow (referred to hereinafter as "the First Action"). The Complaint in the First Action referenced OSHA and appeared to allege that plaintiff was discharged in retaliation for making safety complaints. It also referenced a charge plaintiff filed at the MCAD alleging national origin discrimination, which was dismissed for lack of probable cause. The civil cover sheet, filed by plaintiff along with his Complaint, identified the following as the "nature of suit": stockholder's suits, other contract, other personal injury, other civil rights, Fair Labor Standards Act, other labor litigation, Racketeer Influenced and Corrupt Organizations, environmental matters, Freedom of Information Act, and other statutory actions.

This Court dismissed the First Action on September 16, 2004, for failure to state a claim. Plaintiff moved for reconsideration of the dismissal, which was denied on October 26, 2004. On November 24, 2004, plaintiff appealed the denial of his motion for reconsideration to the U.S. Court of Appeals for the First Circuit. The matter has been fully briefed and the parties are presently awaiting a decision.

E.   THE CURRENT ACTION

Plaintiff instituted the within matter on February 23, 2005. On the expiration date of the time period during which plaintiff was to effectuate service under Federal Rule of Civil Procedure 4(m), plaintiff sought the court's permission to extend his time to serve Ludlow until

December 23, 2005 (thereby seeking more than 2.5 times the time period permitted under the federal rules). The court denied plaintiff's request, but permitted him a smaller extension of time for which to serve Ludlow. On August 26, 2005, plaintiff effected service on Ludlow.

The civil cover sheet in this action is much more narrowed, but the allegations remain the same. In fact, a large majority of the information presented as plaintiff's "complaint" is duplicative to that which was submitted in the First Action.

### III. STANDARDS FOR GRANTING MOTIONS TO DISMISS

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts are required to "accept the complainant's allegations as true, indulging all reasonable inferences in favor of [the plaintiff]." *Minarik Electric Company, v. Electro Sales Co., Inc.,* 223 F.Supp.2d 334, (D. Mass. 2002)(citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

### IV. LEGAL ARGUMENT

#### A. PLAINTIFF SHOULD BE ESTOPPED FROM BRINGING THIS SUIT, WHICH MAKES IDENTICAL ALLEGATIONS AGAINST LUDLOW WHICH WERE ALREADY DECIDED IN THE FIRST ACTION.

*Res judicata* applies when the following elements are established: "(1) a final judgment on the merits in an earlier suit; (2) sufficient identicality between the causes of action in the two suits; and (3) sufficient identicality between the parties in the two suits." *Minarik,* 223 F.Supp.2d at 337 (citing *Apparel Art Int'l, Inc. v. Amertex Enterprises, Ltd.,* 48 F.3d 576, 583 (1st Cir. 1995)). The application of this doctrine serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions,

encourage reliance on adjudication." *AVX Corporation v. Cabot Corporation*, 2004 WL 2606759, *4 (D. Mass, November 17, 2004)(quoting *Bay State HMO Mgmt, Inc. v. Tingley Sys., Inc.*, 181 F.3d 174, 181 (1st Cir. 1999)). The doctrine is clearly applicable and Ludlow meets each element, thus, the dismissal of this action is warranted.

Ludlow moved to dismiss the First Action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 16, 2004, Your Honor issued its order granting the motion and dismissing the First Action. *See Endorsed Order and Judgment in a Civil Case.* "A Rule 12(b)(6) dismissal for failure to state a claim has long been recognized as a 'judgment on the merits'." *AVX,* 2004 WL 2606759, *3 (quoting *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981)); *see also, Acevedo-Villalobos v. Hernandez,* 22 F.3d 384, 388-89 (1st Cir.), *cert. denied,* 513 U.S. 1015 (1994). "This type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect." *Id.* (quoting *Andrews-Clarke v. Lucent Tech., Inc.,* 157 F.Supp.2d 93, 99 (D. Mass. 2001)). The order dismissing the First Action, though silent as to whether it was with or without prejudice, constitutes a final judgment on the merits. Therefore, it is presumed to be a dismissal with prejudice and, thus, has preclusive effect on the current action.

There can be no doubt that there is complete, let alone sufficient, identicality between the causes of action and parties in both actions. For purposes of *res judicata*, a cause of action is "a set of facts which can be characterized as a single transaction or a series of related transactions." *Minarik,* 223 F.Supp.2d at 337 (quoting *Apparel Art,* 48 F.3d at 583). It is "identified by a common nucleus of operative fact." *Id.* Plaintiff's allegations are the same as those he appeared to have made in his First Action – he seems to assert wrongful termination for making safety-related complaints and national origin discrimination. In plaintiff's own words, the current

action and the First Action are "direct[ly] link[ed]" and are filed "against the same ... defendant." *See Plaintiff's Emergency Motion, at p. 3 ¶ B, attached hereto.* Additionally, there is a third case pending – that too is filed against Ludlow and was apparently filed in the "Hampden Superior Court, Civil Court Department." *See id., at pp. 3-4 ¶C.* Plaintiff even admits that all three are "similar cases under a comparable grievance" – the only difference appears to be the tribunal in which each was filed. *See id., at p. 4.* Further, it is readily apparent that plaintiff cut and pasted from past submissions in the first action to his present Complaint, which further supports the assertion that the claims are the same.

It appears that plaintiff filed multiple and identical lawsuits because he is under the mistaken impression that he must "exercise [his] legal rights at all levels." *See id., at p. 5.* Plaintiff even admits that the disposition of the First Action, which is currently on appeal, will assist him in deciding whether "there is a need to pursue [the District Court and state court] cases any further." *See id.* Plaintiff's misunderstanding, however, should not permit him to trample Ludlow's rights. This matter has already been decided and can not form the basis of a second lawsuit. The within action should be dismissed on the ground of *res judicata*.

B.  **PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS.**

"Where summary judgment is sought on the basis of a statute of limitations, once the defendant establishes that the time period between the plaintiff's injury and the plaintiff's complaint exceeds the limitations period set forth in the applicable statute, the plaintiff bears the burden of alleging facts which would take his or her claim outside the statute." *Lawson v. Affirmative Equities Company, L.P.*, 341 F.Supp.2d 51, 68 (D. Mass. 2004)(citing *McGuiness v. Cotter*, 412 Mass. 617, 620 (1992)). It is inconceivable that plaintiff can assert any set of facts

that would toll the statutes of limitation periods and, therefore, permit his Complaint to state a claim.

Plaintiff's civil cover sheet indicates that the nature of his suit involves employment (civil rights). The civil cover sheet further indicates that his cause of action is "employment retaliation". His civil cover sheet attachment, however, includes 26 bullet points identifying various statutes under which he brings his claims. In spite of his assertion, many of these statutes are unrelated to the factual allegations he has made and can make against Ludlow – *i.e.*, Sarbanes-Oxley Act of 2002, Asbestos Hazard Emergency Response Act of 1986, Massachusetts Privacy Statute, Massachusetts Consumer Protection Act, etc. Others, such as the National Labor Relations Act and Occupational Safety and Health Act, are not even enforceable by courts. However, the statutes that appear to be supported by plaintiff's factual claims are time barred, thus warranting their dismissal.

> 1. **The Title VII Claim Must Be Dismissed Because Plaintiff's Complaint Was Not Filed Within 90 Days of Plaintiff's Receipt of the EEOC's Notice of Right to Sue.**

To plead a claim under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") in court, plaintiff is required to file suit within 90 days of receipt of a Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Plaintiff's Notice of Right to Sue was mailed on March 25, 2004. Though plaintiff submits no evidence of when he actually received the EEOC's Notice, he is presumed to have received it within 3 days after the date on which it was mailed. *See Martin v. Alamo Community College District*, 353 F.3d 409, 411 (5th Cir. 2003)(citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)(there is a presumption that a right to sue letter is received within 3 days after it was mailed)). Therefore, it may be assumed that plaintiff received the EEOC's Notice on March 28, 2004. Nonetheless, he

failed to file suit within the required time frame (*i.e.*, by June 27, 2004). In fact, he waited until 332 days had elapsed from the presumed date of receipt of the Notice – well over 3 times the requisite time period. Therefore, plaintiff's allegations of a Title VII violation are time barred.

2. **The EPA and FLSA Claims Must Be Dismissed Because Plaintiff's Complaint Was Not Filed Within 2 Years (Or Even 3 Years) of the Alleged Violations.**

Lawsuits alleging violations of the Equal Pay Act ("EPA") and/or the Fair Labor Standards Act ("FLSA") must be filed within 2 years (ordinary violation) or 3 years (willful violation) of the alleged underpayment. *See* 29 U.S.C. §255.[2] Plaintiff's employment terminated with Ludlow on February 8, 2002. Therefore, any alleged wrongdoing had to have occurred prior to that date. Nonetheless, plaintiff waited 3 years and 15 days before making his EPA and FLSA claims. Therefore, they must be dismissed because they were filed outside the statutes of limitations.

3. **The Discrimination and Civil Rights Claims Must Be Dismissed Because Plaintiff's Complaint Was Not Filed Within 3 Years of the Allegedly Wrongful Conduct.**

Under MASS. GEN. LAWS ch. 151B, § 9, plaintiff had six months within which to file his discrimination claim with the MCAD.[3] *See Commonwealth v. Orian*, 2005 WL 1683593, *4 (Mass. Super. May 24, 2005)(citing MASS. GEN. LAWS ch. 233, § 1 (2002)). By filing his MCAD claim on August 14, 2002, 6 days too late, plaintiff failed to timely file his claim and

---

[2] Plaintiff acknowledges his awareness of the EPA limitation period in his own papers. *See Complaint, p. 10.*
[3] Subsequently, the Legislature enlarged the time period for filing a ch. 151B claim with the MCAD to 300 days, but that amendment to ch. 151B, § 9 was effective November 5, 2002 and does not apply to plaintiff's claim.

may not file a case in Court.[4] *See Ahanon v. Cerebral Palsy of Massachusetts,* 2005 WL 418598, *6 (Mass. Super. January 31, 2005)(citations omitted).

Even if he could file an employment discrimination claim in court despite the fact that he missed a timely MCAD filing, plaintiff failed here too. He had three years from the date of the alleged discriminatory conduct to file suit. *See Bello v. Karl Storz Endovision, Inc.,* 2005 WL 911299, *2 (Mass. Super. March 16, 2005)(citing MASS. GEN. LAWS ch. 151B, § 9). He also had a period of three years to file his state and federal civil rights claims. *See Pagliuca v. City of Boston,* 33 Mass. App. Ct. 820, 822 (1994); MASS. GEN. LAWS ch. 260, § 5B. Plaintiff failed to timely file these claims too – this time missing the mark by 15 days. As such, plaintiff's discrimination and civil rights claims must be dismissed on statute of limitation grounds.

C. **PLAINTIFF'S CLAIMS OF VIOLATION OF THE MASSACHUSETTS WAGE AND HOUR LAWS, WAGE PAYMENT STATUTE, AND EQUAL RIGHTS ACT ARE BARRED BY HIS FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

Part of plaintiff's allegations includes violations of the Massachusetts Wage and Hour Laws and Wage Payment Statute. In order to make such claims in court, plaintiff was required to first file a complaint with the attorney general. *See* MASS. GEN. LAWS ch. 149, § 150. After 90 days of filing that complaint, or sooner with the attorney general's consent, and within 3 years of the alleged violations, plaintiff would be permitted to pursue a claim in court. *See id.* There is no evidence that plaintiff made any such filing with the attorney general. As such, he cannot file a lawsuit based on those statutes.

Moreover, prior to instituting a claim under the Massachusetts Equal Rights Act, a plaintiff is required to timely file a complaint with the MCAD. *See Ross v. Raytheon Company,*

---

[4] Plaintiff also failed to timely file his complaint of discrimination with OSHA – he had 30 days from the date the alleged discrimination occurred (*i.e.*, February 8, 2002), but failed to file the complaint until August 6, 2002, which was 149 days too late.

2001 WL 1455863, *3 (Mass. Super. November 1, 2001). As stated above, plaintiff failed to timely file an MCAD complaint. Additionally, plaintiff's MCAD complaint only alleged violations of MASS. GEN. LAWS ch. 151B, §4(1) and Title VII. Therefore, his claim that Ludlow violated the Massachusetts Equal Rights Act is also time barred.

## V. CONCLUSION

For the above reasons, this action should be dismissed on the grounds of *res judicata*, statute of limitations, and failure to exhaust administrative remedies.

LUDLOW TECHNICAL PRODUCTS, A DIVISION OF
TYCO HEALTHCARE GROUP LP
By its attorneys

s/ Evan J. Shenkman
_____
Evan J. Shenkman (BBO #650524)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 402
Morristown, NJ 07960
(973) 656-1600

### CERTIFICATE OF SERVICE

I, Laura Leone, hereby certify under the pains and penalties of perjury that on September 14, 2005, I served a copy of this Memorandum in Support of Motion to Dismiss by first class mail, postage prepaid, upon pro se plaintiff:

Behzad A. Samimi
36 Emerald Road
Springfield, MA 01119

*Laura Leone*
Signature

1371264-3

# EXHIBIT

BEHZAD A. SAMIMI                                                              Page-1

## BEHZAD A. SAMIMI

36 Emerald Road • Springfield, Massachusetts 01119

Email: samimibdvs@aol.com/ Home: (413) 782-0258

---

**Date:**        June 23, 2005

**To:**          The Honorable United States District Court
                 Office of the Clerk
                 United States Courthouse
                 1550 Main Street
                 Springfield, MA 01103

**Re:**          Behzad A. Samimi (Pro- Se Plaintiff)/ Verses
                 TYCO Healthcare/ Ludlow/, Ludlow Technical Product

**Case Number:** 05-30054-MAP

**Motions:**     - Filing this Emergency Motion with Supporting Affidavit,
                 Requesting up to a <u>6- Months</u> Extension of Time
                 (to 12/ 23/ 05) for the "Service of Process Made and
                 Return with the Court".

                 - Very Kindly, if the Above "Pro-Se Motion" is Denied if
                 Possible and the Court Deem Necessary to Provide an
                 Alternative Lawful Pathway/ Lawful Legal Advice.
                 *(Please Note, When I Studied the "Rulebook", It Does
                 Not Specify the Pro-Se Lawful Legal Procedural Rights.*

BEHZAD A. SAMIMI                                                    Page-2

The Honorable United States District Court:

### Emergency Motions Requested:

Your honor, very respectfully yours, I Behzad A. Samimi, as an ordinary Pro-Se Plaintiff (not by choice) for the below reasons and additionally in order to protect public safety and security am forced to and see no other legal alternative, except to file the below two emergency motions.

1)- Please note that I am very humbly and with great regret requesting from this court up to a <u>6- months</u> extension of time (to 12/ 23/ 05) for the "Service of Process Made and Return Filed with the Court" under Fed. Civ. P. 6(b).

2)- Additionally, kindly please, if the above pro-se public safety motions is denied please Provide alternative legal advice in this case of whistleblower grievance nature of worker safety/ Consumer protection.

### The Purpose and Good Cause Shown for this Request:

A. Your Honor, foremost this extension of time is very imperative and crucial to protect and preserve my impending rights as a pro-se plaintiff as well as many others comparable effected parties for that instance. As a reminder, please kindly make a note that this is a case

of pro-se whistleblower worker safety/ public security grievance as well as a case of civil rights, public policy and consumer protection. A case that above all will raise safety awareness to save workers/ consumers lives. A case that will assist restoring workers/ public trust and adequately safeguard our great country's constitutional rights. A case that will assist the existed crucial and immanent deficiencies to its reform. A case that will assist expanding the culture of current workplace safety and ethical codes of conduct that has failed. And, ultimately will lead to an increase work place efficiencies, productivity and morality.

B. That, presently there is a pending cases that I have filed at the "U.S. Court of Appeals for the First Circuit" against the same above defendant which has a actual direct link to this case which was filed on February 23, 2005 with the U. S. District Court. Please notice that on March 23, 2005 I filed my Initial Appeal Brief with the U.S. Court of Appeals for the First Circuit (Case # 04-2632). This initial grievance consisted of **120-** pages of detailed briefing, and additional over **600** pages of appendixes attached to this brief.

C. That, on February 23, 2005 I had additionally filed a similar case with the "Hampden Superior Court, Civil Court Department", (Civil

BEHZAD A. SAMIMI                                                     Page-4

Docket # HDCV2005-00190-A) against the same above defendant. Please note that similarly at the same time of this motion and for the same above reasons of safeguarding my impending and constitutional rights as a pro-se I am now requesting for 6- months of extension time (to 12/23/05).

### Motivation Behind Filing the Above Two Cases (Item B & C):

Your Honor, very respectfully yours please note that there has been additional motivation for me that compelled me as a pro-se to file two other similar cases under a comparable grievance at two different levels of legal actions. Please note that the below motivation are beside the above reasons of items A, B and C. My additional motivations are as follow:

1. Besides protecting my legal rights I have been very concern about the protection and not misuse of the court's time by any means.

2. I have been wanting to act in good faith in good faith not to pursue multiple civil right cases with multiple court at the same time. Additionally I have a high regard for all judicial court processing and not wasting/ misusing the legal actions. But, your Honor at the same

BEHZAD A. SAMIMI                                                              Page-5

time I would like to exercise my rights at all levels since I do not claim that I am familiar with legal representative by any means or manner.

3)- My original civil action case that I filed with the U.S. District Court on of that my intension is that the final ruling of the "United States Court of Appeal for the First Circuit" will indicate if I would choose to pursue this case at the Federal or State level. And, or if there is a need to pursue these two cases any further in future at the "U.S. District Court", or the "Hampden Superior Court". For this very same reason I have been hesitating to what it is considered a "Service of Process Made and Return filed with the Court".

Very respectfully your I am look forward to your response.

                                                          Very Respectfully Yours,

                                                          *[signature]*
                                                          Behzad A. Samimi

Date Submitted: June 23, 2005