**Date:**      October 31, 2005

**From:**      **Behzad A. Samimi,**
               **36 Emerald Road, Springfield, MA --Tel #: 413-782-0258, E-mail: samimibdys@aol.com**

**To:**        **The Honorable US-District Court**
               **Office of the Clerk, United States Courthouse**
               **1550 Main Street, Springfield, MA 01103**

**Re:**        **Behzad A. Samimi (Pro-Se Plaintiff)/ Verses**
               **TYCO Healthcare/ Ludlow/ Ludlow Technical Product, (Defendants)**

**Case #:**    **3:05-cv-30054-MAP**

| Motions: | **Very respectfully I am kindly requesting the below 8-Emergency Motions:** |

**1)- Strongly disagree with the entire content of the Defendant's opposition letter of 9/14/05.**

**2)- Requesting to reconsider a "Full Panel, US District Judges" review this case of the public safety.**

**3)- Requesting for re-consideration of previously submitted motion to allow me to apply for a court**
    **appointed counsel financial eligibility/ financial hardship. Please note my financial status as the result**
    **of marital divorce has changed now, and I believe I am fully qualified for a court appointed council.**

**4)- If the re-consideration motion #3 is denied to please grant me court appointed council on behalf of the**
    **Consumer Protection/ Patient Safety, Worker Safety, Constitutional Protection/ US- Government.**

**5)- If the above re-consideration motions #2 & #3 is denied to please at least re-consider some sort of "fee**
    **based legal counsel" on behalf/ interest of the US- Government and Constitutional Protection.**

**6)- Requesting for re-consideration to please allow me for an oral argument to articulate the great**
    **difficulties & disadvantages that I've been experiencing for being a Pro-Se Plaintiff. (Please note that**
    **I've been representing myself as Pro-Se Plaintiff in this public safety case, since financially had not**
    **been affording legal representations and previously was denied legal representation by this court.**

**7)- Requesting for re-consideration to please consider some sort of permissible legal procedural advice on**
    **how to preserve my rights, American workers rights, American consumer protection rights, or any**
    **other additional public safety counseling rights that I as a Pro-Se Defendant am not familiar with and**
    **might be entitled to me, or entitled to other comparable current/ potential victimized individuals.**

**8)- If the above re-consideration motions 3, 4, 5, 6 and 7 are still denied, then I have no choice apart from**
    **kindly requesting that the court to accept the below as my "opposition letter". This is to be done so in**
    **turn I, as a "Pro-Se, Public Servant Plaintiff" to rebut the Defendant's opposition letter of 9/14/05.**
    *(For additional justification please also refer to all my other grievance letters that previously was submitted)*

### The Honorable United States District Court:

Please notice that this letter is in responds to the above Defendant's opposition letter dated 9/14/05.

## Opposition Subject Matter, Item #1:

The respondent in pretext at their "Certificate of Service" dated 9/14/04 are asserting that they "...attempted in good faith to confer with plaintiff, Behzad A. Samimi, about this motion and to resolve or narrow the issue, but was unable to reach him".

a)- Quite contrary to their statement, at no time the respondent have in the past 3.8 years to-date in "good faith" have attempted to confer, to resolve or to narrow the case issue. What the respondent are asserting that they attempted to reach me was just a phone call by Ms. Lynelle Slivinski, Esq at my voice mail to contact her. On 9/27/05 @ 4:15 PM, I returned Ms. Slivinski phone call. Our conversation lasted less than 1-minute. Ms. Slivinski told me the reason she called me was that...the exact words...: "Are you planning to continue your law suit at the United States District Court?". I replied,...the exact words.. "Yes, I am planning to pursue all avenues to preserve justice in order to save lives". Ms. Sliviniski replied "OK, thank you'', and promptly right after ended the conversation. Your honor, if this is the above Defendant's definition of a "good faith attempt" to resolve the issue, then makes me really wonder...!!

b)- In regards with the above subject matter, there was one another occasion in the past, in which I was the one who actually first initiated to call the above Defendant's attorney. On November 5, 2004, I as a Pro-Se Plaintiff in "good faith" called and left a message to the above Defendant's attorney to call me. This was done in my mind to confer and find a resolution to remedy this case for the benefit of the public safety/ consumer protection state of affairs. The above Defendant's attorney on November 12, 2004 sends me a letter stating that ...exact words... "I received your voice mail message last week requesting that I call you. As you know, the complaint you filed in Federal District Court in Springfield has been dismissed and the case has been terminated. However, if you feel the need to communicate further with me or TYCO, in order to avoid any confusion or miscommunication, I ask that all communication be conducted in writing and directed to me", (please see attached documents). Your Honor, please note that the above

Defendant in pretext was attempting at both the above items "a & b" to communicate with me (a non-attorney, Pro-Se Plaintiff) in writing only and in all likelihood merely in their mind to use the exchange legal and technical communication to shield the Defendant's self interest. Otherwise, in the past 3.8-years they would offered using a professional court appointed mediator for the communication among us. They did not, because they knew very well that proceeding through a professional court appointed mediator would likely jeopardize their self interest and make them accountable for their series of willful misconducts.

c)-    Your honor, just alone by reason of the above two item and even assuming that the above Defendant would be willing to mediate as they're so-called asserting that are attempting in good faith to resolve or narrow the issues, then it is fair enough to conclude that the U.S. District Court preserve the rights of the parties involved and pursue suitable court due processing investigation and mediation oversight. As we know, in most cases mediation when two parties are willing, has been and always a fair and common judicial practice. But, more so , particularly as with this imperative public safety / consumer protection nature court case and me not by choice having been forced to act as a "Pro-Se Plaintiff" representing myself in this pressing case of principally being all about public safety.

## Opposition Subject Matter, Item #2:

The respondent in pretext at their "Motion to Dismiss" letter dated 9/14/05, (page-1, item-I) are asserting that I have instituted another grievance action against the same defendant.  On the contrary to their claim, as the court document on all associated filed documentation indicates different case name and different defendants:

Case #: 3:04-cv-30115-MAP, the name of the case/ Defendants: Tyco/ Healthcare/ Ludlow/ Kendall-LTP.

Case #: 3:05-cv-30054-MAP, name / Defendants:  Tyco Healthcare/ Ludlow, Ludlow Technical Products. (please see attached documents).

## Opposition Subject Matter, Item #3:

The respondent in pretext at their "Motion to Dismiss" letter dated 9/14/05, (page-1, item-1) are asserting that I have made the same allegations at both grievance cases. On the contrary to their claim, as the court is well familiar with both cases filings the nature of the suit category is entirely different. Please note that:

1)- Case #: <u>3:04-cv-30115-MAP</u>,  Case Name: <u>Tyco/ Healthcare/ Ludlow/ Kendall-LTP</u>

*Please see the above referenced case, "Civil Cover Sheet" dated 6/ 17/ 05, Page-1, item II, III, IV, and Page-2, category item-2, and hand written page # 3, and 4 under the titled page of "Facts of the Case".*

 2)- Case #: <u>3:05-cv-30054-MAP</u>, Case Name: <u>Tyco Healthcare/ Ludlow, Ludlow Technical Products</u>

*Please see the above reference case, "Civil Cover Sheet" dated 2/ 22/ 05, Page-1, item II, III, IV, and Page-2, category item-2, under the grievance letter dated February 22, 2005, page 29 to page 34, total of <u>5</u>- full pages.*

Additionally, please note that the following:

1)-Case # :<u>3:04-cv-30115-MAP</u> , the detail nature of the case consist of only <u>2</u>-pages of hand written notes.

2)-Case #: <u>3:05-cv-30054-MAP</u> , the detail nature of the case consist of <u>36</u>-pages of typed writings.

(please see attached documents).

## Opposition Subject Matter, Item #4:

The respondent at their "Motion to Dismiss" page-1, bottom of the page are asserting that…"in the first action, plaintiff misnamed Ludlow as Tyco Healthcare/ Ludlow/ Kendall-Ludlow Technical Products, LTP. In the within action, plaintiff misnamed Ludlow as Tyco Healthcare/ Ludlow/, Ludlow Technical Products, Chicopee, MA." Ludlow is not affiliated with any entity of the names alleged by Plaintiff.  On the contrary to their claim (please see the attached) in which shows the entity of "<u>Tyco Healthcare/ Ludlow</u>" at their majority of their day-to-day business dealing and cover letter transactions, company logo's, manufacturing packaging products, business cards, human resources, employee handbook, the company advertising signs and finally the company front lawn sign (total of 4- different signs on each corner of the buildings).  They also were using the entity of the "<u>Tyco/Healthcare/ Kendall-LTP</u>", please attached the photo's and attached advertisings documents.

## Opposition Subject Matter, Item #5:

The respondent in pretext at their "Motion to Dismiss" letter dated 9/14/05 (page-2, item) are asserting that.. "...his position was eliminated due to a difficult economic climate and decline in business. Plaintiff was selected for layoff because he had many years "less seniority than the production Supervisor in the group with which his department was combined".

a)-    On the contrary to their claim my department of both formerly 691-Room/ 798-Room, and the most recent department, 60's-Hydrogel production area were considered the heart of the company and were generating the highest liquidate assets of sale product throughout the entire company.    In addition at the same department, at the new 80's-Line, the employer was in the transition of generating very quickly a new production.    This new 80's-Line, needed additional supervisory oversight.    It would supplementary produce a considerable additional built-in product liquidate assets.    I was told by management just a week before my discriminatory job termination that in near future they are planning to run their 80's Line production two shifts.    This would require them additional supervisory oversight and additional revenue.    So, I don't see how they are claiming in pretext that my position elimination was due to the so called decline in business.

b)-    Also, quite to the contrary of their claim, I had more seniority than 3-other supervisors (Mr. Craig Manaker, and Mr. Mike Rutz) within my formerly supervised department of (Sensor's, 798, and Defib). Both those supervisors were hired months and a year after my hiring with the company.    In addition another supervisor Mr. Frank Weir, became a supervisor almost a year after my hiring.    Mr. Frank Weir was also employed at the same department (meaning combined Gel and Tape department). Although Frank had been employed longer at the company, but in general I had more supervisory classification and direct related work category than him.

c)-    Also, quite to the contrary, the employer intentionally planned the restructure so that I was assigned to that same department of Hydro- gel, where all along I had been suffering an adverse reaction to that department chemical air-born dust generation.    I am also certain that in addition they combined the department to a less undesirable health and safety condition, hoping that I would fed up of my ill-

effect symptoms and chose to hopefully quit my employment there voluntarily.    As many management at TYCO on many different occasion had told me "The redness of your eye (reaction to chemical dust at Hydro-gel) tells you to look for another job".    They also had planned in advance to combine and restructure the departments so that in their mind they would justify my future planned job termination. Please once again notice that I was the only employee out of 900 employees throughout the company that this combined/ restructure effected them negatively and much less desirable condition. . This is not taking into account that additionally, among all the supervisors throughout the entire manufacturing floor supervisors, I had the highest education and experience and also was the only non-American born of the company's supervisors.

## Opposition Subject Matter, Item #6:

The respondent in pretext at their "motion to Dismiss" letter dated 9/14/04, (page-2, Item III) are asserting that.. " OSHA dismiss plaintiff's complaint because it was barred by the applicable statue of limitation". Also that...The MCAD dismissed plaintiff's charge on or about may 5, 2003 for lack of probable cause. The MCAD also denied plaintiff's appeal of its lack of probable cause on or about September 11, 2003". To the contrary to their claim their statement is very deceitfully and deceivingly. Please note that please note the following facts pertain to their statement:

### Background Information for the above item #6:

a)-    This is a very unique case in which unfortunately the above defendant's series of retaliatory safety and disparate incidents and it's unethical nature of events interconnects with both OSHA & MCAD. Since, the MCAD has no jurisdiction with doing and assigning their investigators for the investigation of the health and safety complaint issues. That is what the I was told verbally by the MCAD Investigating Officers that they had to dismiss the Plaintiff's case at the MCAD.

b)-    Originally when I filed with the MCAD on 8/1/2003 I was told about this conflict of interest and guidelines, the deficiency of the MCAD regulation and the lack of MCAD authority in regards with the health and safety  investigation processing. Therefore, since not being able to investigate the incidents.

MCAD on the very same day of my complaint filing with them on 8/1/2002 referred the Plaintiff to also file with the OSHA Office. Therefore, on 8/6/2002, by the MCAD recommendation the very same complaint with MCAD was also filed with the OSHA Office. (please see various previously submitted attached documents).

c)-     However, EEOC and MCAD at their final ruling of my case dismissal did not mention anything about not having jurisdiction about the health a& safety investigation, and that the reason they had decided to dismiss my case with them. They merely stated at their findings that they are dismissing my case for the "Lack of Probable Cause". This was/is an absolutely false and incorrect/ incomplete statement that needs to be corrected, (please see various previously submitted documents)..

d)-     OSHA office merely dismissed my case as for the reason of untimely filed (meaning not filed within 30-days time limitation of the Plaintiff's employment termination). They afforded me the opportunity to file an appeal of their dismissal, in which I did, but then again my case was dismissed for a second time. Although, after the Plaintiff's case was dismissed I had been told that OSHA investigators on many occasions had visited the above defendants workplace and have found all my safety concerns and all the specified detailed safety violations on my original complaint filings was completely accurate. (please see various previously submitted documents).

e)-     What is extremely provoking is that just recently through I did some search and inquiry to OSHA web site discovered that OSHA to-date has NOT even considered a routine site visit to this worksite. Not along issuing any kind of corrective safety measurement/ or any kind of citations.   This is after I. as a former Manufacturing Supervisor at that very same retaliatory lost my job and years after of continues direct suffering. What is worse is that not even a site visit after the Plaintiff had been going through 3-years of massive written pages and pages of detail description of existence of imminent worker health and safety danger at the above Defendants workplace. Please notice that the last date of OSHA inspection to them was on 1995 for citation of tragic willful violation. Please notice that ever since then after there has been numerous disastrous and tragic accidents to workers at this very same worksite. I hates to even

think that, it is as if OSHA is just here for big business (TYCO, with 40 billions dollars annual revenue) at the expense of workers safety and public protection. The Honorable court of Us District Court I certainly believe as you do <u>American hard working workers should have the same rights as criminals get for granted</u>. Please see various previously submitted documents.

f)-     Once again need to emphasis that EEOC, MCAD and OSHA ruling was/is an absolutely false and incorrect/ incomplete statement and needs to be corrected and additionally this unjust due processing of EEOC, OSHA and MCAD ruling of this case in its appropriate time in future through a joint effort of ACLU, Public Citizen (Ralph Nader's Office), AFL/CIO, Rosa Parks Foundation, Southern Poverty Law Center, US- Supreme Court and the US Senate/ Congress will be challenged. Please see the letter that was submitted to the US-District Court (case # 3:04-cv-30115-MAP, (Letter dated 10/19/2002) under the subject of "A very controversial & pressing issues that are affecting negatively and unfairly millions of American workers. A deficient current OSHA missions that is discouraging, injurious and reduces workers productivity and morality". Please note that a copy was also sent to the Senator Kennedy, Senator Kerry, US-Dept. of labor, US-OSHA Chief, US-OSHA Director, and MCAD Director.

## "Principal" Opposition Subject Matter, Item #7:

The respondent <u>rightfully</u> (the only rightfully statement) at their "Motion to Dismiss" letter dated 9/14/05, (Page-4, Item #III) are asserting that.. "A complaint should <u>not be dismissed</u> for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief".

a)-     Thank God, finally!!...even the respondent at their opposition statement (Motion to Dismiss) agree on this issue matter. On this issue the respondent is <u>100%</u> accurate. <u>My point exactly all along...</u> That was/ is/ will be one of my strongest argue always in this pressing case of mine that is not about me but mainly all about public safety/ worker safety, and Consumer protection. I have been arguing this pressing issue to the OSHA, MCAD, US-District Court, the US First Circuit of appeals, and in future probably if this case of public safety is not resolved will be heading to the Supreme Court, Senate/

congress through ACLU & the Public Citizens (Ralph Nader's Office). Please notice that I, as a <u>Pro-Se</u>

<u>Plaintiff</u> (not by choice) and not being an attorney by any means just alone have submitted over <u>120</u>-

pages of detailed briefing of series of wrongdoings, and over <u>500</u> pages of attachments to the First Circuit;

and my case absolutely should <u>not</u> have been dismissed all along for "failing to state a claim" without

even being allowed for an oral argument and or assigned legal counsel, or be allowed to be cross

referenced of the serious charges against to the defendant. A defendant that has been willfully

endangering the public. And, only if and only if the court allow me a fair due processing then I can bring

various reputable, credible witnesses that are willing to testify of my charges against the defendant.

If this case is not stating a claim <u>by now</u> after massive substantial evidence and point of references, then

of <u>all</u> rulings of cases in the entire history of the US-judicial due processing system should all be

considered dismissed as "failing to state a claim".

b)-    Your Honor, please note that the Honorable US- District Court most likely dismissed my original

as "failed to state a claim" since their rule was based on that 3-hand written pages letter, dated 6/17/ 05

(Case #: 3:04-cv-30115-MAP). They did not read the substantial over hundreds of additional appendices

that was also attached to these 3-hand written pages.  Not being an attorney, I did not know the proper

procedural laws, and that besides the fact, I had encountered below predicament right before the

submittal of my grievance filing on 6/ 17/ 05, (please see attached documents).

c)-    <u>*Please read on the below details…. It explains why In my Initial Grievance Letter on 6/ 17/ 05 may*</u>

<u>*have contributed to the confusion of the US District Court for ruling of "failing to State a Claim", and why I*</u>

<u>*had to rush & file that 3-pages of the letter with the U.S. District  Court:*</u>

<u>d)-</u>    Please notice that the reason my original complaint to U.S. District Court was a one-page hand

written on 6/ 17/ 05 (Case #: 3:04-cv-30115-MAP) that unexpectedly my computer for some unknown

reason had encountered a crash just right before the completion of typed written data that I planned to

file with the U.S. District Court. I wanted to all over again rewrite my complaint, but through the process

and further research I had learned that I would need to file my grievance ASAP. This had to be done

before running out of the "statue of limitation" of grievance filing with the court in my particular case
There was no time for me to rethink, rewrite and compile all over again that entire more than 50-pages of
typed information.

e)-    At the same time when my computer had crashed before filing with the U.S. District Court I was
going also going through so many other physical, emotional depression/ anxiety disorder as well as going
through a marital divorce trial with my wife. Please notice that my unsupportive/ unsympathetic wife of
his two small children had filed divorce a few months after the above Defendants retaliatory terminated
my Manufacturing Supervisory employment.

f)-    Not being an attorney, I had made an assumption rather than losing my case through filing
statute of limitation it would be rather easier both for the court and me just to attach that 3-page hand
written complaint filing. In supplementary to this 3-page I considered attaching all the documentary
relevant complaint that I had previously filed and had in possession with the OSHA and MCAD.

g)-    I was also in the assumption that if court would need additional information they would notify me
that my complaint does not meet the court's complaint filing standard. And, would give me a deadline to
re-write/ revise my complaint.

h)-    Not being an attorney, with that wrong advise I misinterpreted/ misunderstood that my original
complaint filed was acceptable to the court and that if any issues then the court would require me to
make correction of any technicality processing and, or would request me to provide them with any
additional required information with a time frame and its precise dead line in writing to me.

i)-    Since I did not receive any correspondences or instruction by the court as what the court deems
necessary for me to do in regards my original complaint letter, I interpreted that the court has accepted
my original complaint filed as acceptable..

## Opposition Subject Matter, Item #8:

The respondent in pretext at their "Motion to Dismiss" Letter dated 9/14/05, (page-1, and Page-4, 5, and 6, Item IV, Legal Argument) are asserting various dismissal ground based on what is known as "rejudicata" and have listed various points of case names references.

a)-    In opposition to their above statement/ claim, Your Hour, I would require to remind the court that I am not an attorney by any means and that unfortunately I can not make case name references and nor do I really comprehend the "rejudicata". But to my little knowledge and my limited research, listed below (not limited, included and excluding) are my justification and exception to this ground ruling. However, please note that I am assure that there are many other legal justification, points of case name references and rulings that I am sure you, You Honor would be able to easily point to and make this ground ruling terminology an exception and not applicable in my specific case of public safety. Please also note that not being an attorney I could have misinterpreted/ misunderstood the below justifications. Please also notice that I have language barrier for expressing myself, since I came to this country when I was 22 years old and English is my third language.

1)-    The is a pressing case of public/ worker and patient safety and product/ consumer protection.

2)-    As a "Pro-Se Plaintiff" am  not familiar with the procedural rules for failure to comply with the rules and technicality of the laws.

3)-    The judgment was misunderstood, misread, or was wrong based on plaintiff's lack of knowledge of the procedural laws to present the case grievance.

4)-    These two cases are not duplicated cases based on detail subject, argument, and procedural grievance filings.

5)-    The final judgment could not have been rendered without deciding the particular mater brought in question.

6)-     The final ruling of US-District does not preclude me from re-litigating issues that were or could have been raised in that action.

7)-    The remedy, or the rejection of the remedy or the alternative of remedy has not been decided by the Court, the defendant or the plaintiff.

8)-    The right of the pro-se plaintiff of financially eligible but appoint of counsel has not been served

9)-    The final judgment has not been valid final judgment.

10)-   I have not recovered any damages.

11-    The cases are not the same "Cause of Action".

12)-   The cases are not a final judgment.

13)-   The cases has not been disposed.

14)-   The cause of actions has been challenged.

15)-   There is no final judgment on the merits.

16)-   The parties against whom the plea was asserted has not been given an opportunity to be heard at the Courts on the issues.

17)-   The issues were not litigated and or decided.

18)-   Court should evaluate on a case by cases.

19)-   The issue of the cases has not been decided by the trail court and or appeal court.

20)-   The first case was dismissed without allowing to revise/ rewrite, indication of technicality alteration/ amendment to the pro-se plaintiff representation in a public safety case.

21)-   I have not had a Full opportunity to litigate through the trail, appeal final procedural briefing adequacy of the initial finding procedures.

22)-   The case can be consented to the splitting of claim under different laws.

23)-   I am not trying to splitting a claim, but preserve the rights of all comparable parties effected.

24)-   I am not trying to splitting a claim, but that there are special reasons that justify me doing so.

25)-   The claims has not been justifiably omitted, accepted, rejected  from the other case.

26)-   The identity of each defendant, their accountability, remedies has not been identified.

27)-   The Plaintiff is challenging through appeal courts the exhaust of administration remedies.

28)-   In my specific case the "resjudicata" does not restrict the appeal processing.

29)-   The appeal process has not been exhausted or waived.

30)-   I am disputing the validity of the dismissal of the case.

31)-    The court will allow cases involving due process for re-litigation.

32)-    The claim is of such a nature as it could be joined in the first action.

33)-    I have not hide the fact of other cases to the attention of the court.

34)-    The theories of recovery, and procedures are not identical.

35)-    The relief sought is different in each cases.

## Opposition Subject Matter, Item #9:

The respondent in pretext at their "Motion to Dismiss" letter dated 9/14/05, (page-6 and &, item- B) are deceitfully asserting that "Plaintiff's claims are barred by the applicable statues of limitation". And, then they listed grounds based on a list of various points of case names references.

a)-    On the contrary to their claim, I am within exactly 3-years statue of limitation of 3-years in my particular case . Please note that on March 25, 2004 the EEOC closed my case based the above reasons. However, attached the Plaintiff received the "Notice of Suit Rights" that the Plaintiff can independently still pursue this case against the above Defendants under federal law based on this charge in federal or state court within 2-3 years of the last date discriminatory action. Please note that date of retaliatory job elimination began on 2/ 23/ 02. And I filed my case with the US-District Court and Superior Court on 2/ 22/ 05. Please note that on US- EEOC, letter dated 3/25/ 05 states that " EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you filed suit may not be collectible", (please see attached documents).

b)-    Additionally in regards with the Statue of limitations when personally called OSHA, EPA and MCAD  offices, they call told me the same 2-3 years. When asked to specify in my specific case, after listening to a brief narrative and the nature of may allegations, they all told me that in my specific the statue of limitation is 3-years, (please see attached documents).

c)-    Moreover, additionally the attorney's that I had been contacting for the initial consultation they also informed me the same statue of limitation of 3-years in my specific case. Please see attached letter

dated, December 12, 2003 from attorney Karen Catugno Esq. employed at the law firm of the Rosen & Greenhut & Catuogno & Low. On page-2 of the letter stating that... "...The statue of limitation in terms of your claim is a THREE YEAR statue of limitation...", when I received this letter for more clarification, and after I had explained the "2-weeks notice pay" I was told to make a correction to her letter and that the date of 3-years begins at the date when the "Layoff/ Job Elimination Actually has Began". In my particular case of paid two weeks "Notice Pay" I was told that the 3- years will actually be considered to begin on 2/ 23/ 05. (Please see page-1 of the severance Package Summary).

## Opposition Subject Matter, Item #10:

The respondent in pretext at their "Motion to Dismiss" letter dated 9/14/05, (page-7 & 8, item-1) are deceitfully asserting that " The Title VII claim must be dismissed because plaintiff's complaint was not filed within 90 days of plaintiff's receipt of the EEOC's Notice of Right to Sue".

a)-     On the contrary to their claim the 90 days only applies to title VII claims of the American with Disabilities Act, and/ or the age Discrimination in Employment Act, please see attached EEOC, "Notice of Rights" dated March 25, 2005. Please note that I am not disable and am not filing suit claim under age discrimination. So the other title VII claims are all valid for due processing as long as it is within 3-years.

b)-     Additionally, beside the above item, I am also disputing the validity of the dismissal of the case by all OSHA, MCAD and EEOC due processing gross negligence and unfair final decision. That is why have been appealing to the US- District Court, State Superior Court, and the US First Circuit of the Appeals. And, I am determine that I will not stop there, unless justice is served.

c)-     Once again in regards with the corrective action of the Item #b, and as a reminder I would need to state that EEOC, MCAD and OSHA ruling was/is an absolutely false and incorrect/ incomplete statement and needs to be corrected and additionally this unjust due processing of OSHA and MCAD ruling of this case in its appropriate time in future through a joint effort of ACLU, Public Citizen (Ralph Nader's Office), AFL/CIO, Southern Poverty Law Center, Rosa Parks Foundation, US- Supreme Court and the

US Senate/ Congress will be challenged. Please see the letter that was submitted to the US-District Court (case # 3:04-cv-30115-MAP, (Letter dated 10/19/2002) under the subject of "A very controversial & pressing issues that are affecting negatively and unfairly millions of American workers. A deficient current OSHA missions that is discouraging, injurious and reduces workers productivity and morality". Please note that a copy was also sent to the Senator Kennedy, Senator Kerry, US-Dept. of labor, US-OSHA Chief, US-OSHA Director, and MCAD Director, (please see attached documents)..

## Opposition Subject Matter, Item #11:

The respondent in pretext at their "Motion to Dismiss" letter dated 9/14/05, (page-8, item-2) are asserting that " The EPA and FLSA claims must be dismissed because plaintiff's complaint was not filed again within 2-years (or even 3- years) of the alleged violation", (please see attached documents).

a)-    On the contrary to their claim EEOC states " ....EPA suits must be filled in federal or state court within 2 years (3 years for willful violations..." Please note that as I stated earlier at the Item 9, additionally the attorney's that I have contacted for the initial consultation they also informed me the same statue of limitation of 3-years in my specific case, (please see attached documents).

b)-    Please see attached letter dated, December 12, 2003 from attorney Karen Catugno Esq. employed at the law firm of the Rosen & Greenhut & Catuogno & Low. On page-2 of the letter stating that... "...The statue of limitation in terms of your claim is a THREE YEAR statue of limitation, which means that your case must be filed in a Court of appropriate jurisdiction no later than three years from the date that the cause of action accrues, or in the case of your termination date...... additional statue of limitation as to those acts may apply in your case". (please see attached documents).

c)-    Additionally, beside the above item, as I stated earlier I am also disputing the validity/ accuracy of the dismissal of the case by all OSHA, MCAD and EEOC due processing gross negligence and unfair final decision. That is why have been appealing to the US- District Court, State Superior Court, and the US First Circuit of the Appeals, (please see attached documents).

## Opposition Subject Matter, Item #12:

The respondent in pretext at their "Motion to Dismiss" letter dated 9/14/05, (page-8, item-2 are deceitfully asserting that " Plaintiff's employment terminated on February 8, 2005. Therefore, any alleged wrongdoing had to have occurred prior to that date. Nonetheless, plaintiff waited 3 years and 15 days before making his EPA and FLSA claims. Therefore, they must be dismissed because they were filed outside the stature of limitation".

a)-      On the contrary to their claim  that is what the respondent would like to convey falsely to me and the honorable court. They are hoping that the court dismiss this case because of their pretext hoping that case would fall 14-days outside the statue of limitation. Please note that my employment actually ended on February 22, 2002. And, that I was just sent home <u>with pay</u> for two weeks as "notice pay" through February 22, 2002. (Please see attached 4- pages of the Severance Package Summary, dated February 8, 2002). The premeditation/ advanced planning set up of the defendants retaliatory employment termination is obvious. Please note that as soon as defendant very unexpectedly notified me of my employment termination. They just stood one on each side of me the entire time while I was told to collect all my personal belonging and to put in a box. Then quickly after without even saying good by to me and my workers they speedily escorted me out of the building. This came in such a shock to me because not only they didn't even give me their normal 2-weeeks advance notice. But also, the defendant's management very well were notified in writing of me raising various raised company immanent willful safety concerns just three weeks prior that date of retaliatory job termination. <u>Please see my attached memo under the subject of the "Unsafe Work Practice" e-mail letter dated January 17, 2002 to my two immediate top managements (directors). Also please see my attached memo under the subject of the "80's Line Air Quality Improvement" letter dated December 13, 2001</u>. The reason I was walked out of the building was that management knew very well how they have retaliated against me by my job termination. Therefore, they gave me absolutely <u>no</u> notice. They walked their concerned/ respected by workers Manufacturing Supervisor of almost 2-years like a dangerous criminal escorting outside of the building. My workers that were like my family were watching me as if I have committed such a heinous

crime. It was so humiliating and shocking to me. Then at the very end out of the building the very same

Management that I sent that two "Unsafe Work Practices" memos had to shockingly tell me "not ever

return".

b)-    Additionally, in respond to the respondent claiming that "...the plaintiff's employment

terminated on February 8, 2005...). Please notice that the defendant attorney at their opposition letter

dated September 20, 2002 (page-1), "Summary of the Position Statement" had also acknowledged this

two week "notice pay". They have stated that "...his position was eliminated on February 8, 2002,

although he was given two weeks notice pay through 22, 2002".

c)-    Additionally, when I asked the MCAD and OSHA about identifying the start date of the  3- Years

statue of limitation, I was told by the MCAD, OSHA and other attorneys that it is the last day of the

alleged action. In my case were told that it begins at theater Layoff/ Job Elimination Start. Please note

that the date of 2/ 08/ 02 was the Last Day of the Actual Work. And the date of 2/ 23/05 is the Date that

the Layoff/ Job Elimination began.  (Please see page-1 of the severance Package Summary).

## Opposition Subject Matter, Item #13:

The respondent at their "Motion to Dismiss" letter dated 9/14/05, (page-9 & 10 item-c ) are asserting that

the "Plaintiff's Claim of Violation of the Massachusetts Wage and Hour Laws, Wage Payment Statues.

and Equal Rights Act are Barred by his Failure to Exhaust Administration Remedies....In order to make

such claims in court. Plaintiff was required to first file a complaint with the attorney general....As stated

above the plaintiff failed to timely file an MCAD complaint".

a)-    Your honor, once again this is a case of public safety, OSHA, MCAD, EEOC although I

repeatedly have appealed at all stages of the MCAD, and OSHA's final rulings they never sent me a case

specific customized letter informing of my rights and Statue of Limitation. I could be wrong, but it is as if

they are purposely are attempting that the Pro-Se Plaintiffs (not by Choice) miss the deadlines so the case

can be safely and legally dismissed. Even a case that is all about Public Safety/ Consumer Protection. The

only instruction that I have ever received detail technical procedures was that misleading 1-page of

EEOC letter dated March 25, 2004. Please note, that 1- page letter dated March 25, 2004 states that the

EEOC closed my case based the ruling of the MCAD. But they did not detailed the specific requirements,

or advising me that I can appeal to the EEOC, or the "Attorney General's Office" for the review.

b)-      However, they notified me in that misleading 1-page letter that I can independently still pursue

this case against the above Defendants under federal law based on this charge in federal or state court

within 2-3 years of the last date discriminatory action. Please note that date of retaliatory job elimination

began on 2/ 23/ 02. And I filed my case with the US-District Court  and Superior Court on 2/ 22/ 05.

Please note that on US- EEOC, letter dated 3/25/ 05 states that " EPA suits must be filed in federal or

state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means

that backpay due for any violations that occurred more than 2 years (3 years) before you filed suit may

not be collectible", (please see attached documents).

c)-      And, then when you call their offices in this case of public safety/ consumer protection  they

refrain from giving any legal advice. But, then again they sure emphasis on that 3-year of the willful

violation. Well, Your Honor, one thing that I know with 100% certainty during the entire employment at

the above defendant and then after to date that the above defendant certainly had been willfully and I

repeat have been willfully violating all kinds of  codes of business conducts, and worker safety/ consumer

protection laws. But, at times makes me wonder does this willful violations really matter to the MCAD,

OSHA and EEOC...

d)-      I have to repeat myself again that .. A case all about public safety/ consumer protection complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can,

prove no set of facts in support of his claim that would entitle him to relief"....And, that besides as I

stated earlier I am also disputing the validity/ accuracy of the dismissal of the case by all the OSHA,

MCAD and EEOC due processing gross negligence and unfair final decision.... I rest my case on that ...

**Opposition Subject Matter, Item #14:**

The respondent at their "Rule 7.1, Disclosure Statement" item #2 are in pretext asserting that... "Ludlow Technical Products is an unincorporated division of Tyco Healthcare Group LP, which is an indirect subsidiary of Tyco International Ltd.  Tyco International Ltd. is the only publicly held company that owns 10% or more of Ludlow's stock".

b)-     Your Honor, I am not a commerce attorney, nor an accountant, or a financial analyst by any means. What puzzles me is that I can not figure out what actually the respondent is attempting to convey or deviate legal liabilities and or responsibilities to the court. In view of the fact that I am not familiar with the legal terminology and, or the business subsidiary and terms of the corporate mutual ownership and partnership. Therefore, I can not with confidence substantiate the validity and to what extend/ measures the above (item #a) statement of the respondents that they are asserting to the court is accurate. However, one thing I am very confident as absolutely factual is that while I was working there during a full time 21 months of employment as a Manufacturing/ Production Supervisor my former employer (above Defendant) were using the name of the "Tyco/ Healthcare Ludlow". This was communicated at almost all of their day-to-day business dealing and cover letter transactions, company logo's, manufacturing packaging products, business cards, human resources, employee handbook and the company advertising signs. My former employer's main emphasis and highlighting company's name was the name of the "Tyco", including at all their employment advertisement, marketing and public appearances.

c)-     I strongly believe the motivation behind the above (Item #a) Disclosure Statement, is that the respondent is well aware that the above defendants have willfully violated numerous codes of ethical conducts, willful endangerment of their workers/ public/ patient's safety and consumer products.  It makes me wonder why the defendant in the past 4- years during this case have gone through several different high profile law firms that represent managements only.

d)-    I also suspect that the respondent have been instructed by the defendant's headquarter office (Tyco International Ltd.) to make an effort to move away from another repeated bad publicity and now to seek out disassociation from the name of the "TYCO". Please note that "Tyco" is a non-union company with headquarter in Bermuda to avoid paying American Taxes. They have reported approximately <u>40</u>-billion annual revenue, and over <u>3</u>-billion dollars net income. It appears that the corporate culture has been firmly in company profitability (mainly CFO & CEO's) at all cost, taking away safety and breaking all kinds of ethical codes of business conducts. <u>As we all know, on June 17, 2005 Tyco's former CEO & CFO were convicted guilty of 22 count (out of 23 counts) for 12-grand larceny, 1-conspiracy, 1-violation of business law and 8-falsifying business records. They were each sentenced to up to 25-years imprisonment, with the mandatory minimum of 8.3-years to be served at the State Prison.</u>

e)-    Your Honor, please note that to-date I have not yet decided to go public to media with my case. Since, my intension has not been to create a bad publicity to the above Defendant, but just prevailing justice to me and to other comparable victimized individuals. I believe in due process. Doing so, I am hoping that as a former concern Manufacturing Supervisor and public servant the Defendant will be forced by the judicial authorities to take all the appropriate corrective safety measurements for their workers and for their consumer product safety. I am also hoping that the above defendant would modify their existing willful unsafe corporate culture deficiencies and their unethical codes of business conducts. In which, as the result many workers have lost their lives, seriously injured and many shareholders entire life's retirement savings have been wiped out.

f)-    Additionally, please note that moreover I am currently a concerned "Tyco, Fidelity Shareholder". I have been holding Tyco Stocks Retirement plan uninterruptedly continually during the entire past 5-years and also among many others have lost my retirement savings in the process. By no means would I ever want to hurt any current workers/ share holders (me included). I am well familiar personally that we all have suffered enough as the result of "Tyco" corporate culture greediness of white color criminals/ terrorists. But, when comes to public safety and workers/ consumer protections I am determined if

accountability justice is not served and public safety measurements is not taken in this case I will seek to exercise my rights publicly for the public protection.

g)-    Your Honor, as you can see from my persistent past 4-years pursuing this pressing public safety case that I have been extremely determined to take this safety case to its suitable corrective measurement in order to save lives of American hard working men and women. The very same hard working American workers that this country owes its very original existence upon them. Pursing this public safety case has not been trouble free for me and my family. Pursuing this case to its justice has been causing me extreme emotional and physical, anxiety and depression, extreme financial loss, a broken family and marriage to a point of at one point in the process of pursuing this case becoming borderline in the depths of despair/ depression nervous breakdown. One thing that gave me courage and motivation pursing this case of public safety had been aspiration of assuring this type of employment/ worker injustices does not happen to another harmless comparable individual and for just wanting to do the right thing.

h)-    I am hoping that this benchmark public safety awareness case might in its court's due processing demonstrate shortcoming basis and might enhance in recalibration of FDA, EPA, OSHA, MCAD and the linked state and federally designed legal labor laws enforcement policy & procedures that has failed. I believe this case along with many other similar point of reference cases should be brought up to the attention of the Supreme Court, the Senate and Congress. This is a benchmark case that shows various controversial pressing issues that are affecting negatively and unfairly millions of American workers. A deficient current OSHA missions and grievance processing that is discouraging, discriminatory, injurious and reduces workers productivity and morality. A deficient current MCAD mission and grievance processing that is actually discriminatory at times. I know firsthand about these shortcomings of the unjust safety laws and labor laws of the OSHA and MCAD since I have been the living example of it in the past 5-years right from the very beginning of the initiation and grievance processing of this case to-date. A series of deficiencies that needs to be corrected.

i)-    My suffering did not just come to an end when my employment ended at the above defendant's

workplace. It just escalated more and more ongoing to this point by continuous defendant's retaliation,

intimidation and disregard for human suffering. These series of unjust events have caused me even more

convinced and determined to persistently pursing this public safety case to its justice for the public

protection. I am also hoping and wishing in my heart that this case might in its due process corrective

action course raise awareness and even if it is just a small factor in enhancing the US workers

productivity, morality, efficiency, public trust and satisfaction. My ultimate objective is that this public

safety case will in its due process support preserving our great American Constitution and contribute

sustaining an American fair labor laws and unsurpassed fair judicial due processing.

Your Honor, the world knows, Rosa Parks was an ordinary, but did an extraordinary thing. She refused

to give her seat away in order for the America to stand up tall on the principle of fairness and justice.

## CONCLUSION:

For the reason stated above and much more not listed l , Behzad A. Samimi, a Pro-Se Plaintiff (not by

choice) very respectfully requesting that this Honorable Court grant the Plaintiff's 8- Motions, as well as

bestowing a fair judicial due processing. Please note that this case is not about me per-say, but it is about

public/ worker safety, patient safety and the consumer protection and the defendant's "motion to

dismiss" should be totally denied.

Very Respectfully Submitted,

Behzad A. Samimi

*Various attachments, documents enclosed.*

# Certificate of Service

I, Behzad A. Samimi hereby certify that on November 1, 2005, a hand delivery of the "opposition to the defendants motion to dismiss" was done to:

The Honorable United States District Court
Office of the Clerk
United States Courthouse
1550 Main Street
Springfield, MA 0111203

Also on November 1, 2005, I, Behzad A. samimi filed one copy of the "opposition to the defendants motion to dismiss" of the Pro-Se Plaintiff –Appellant to the Defendants-Appellee on the following party by way of First Class Mail, postage paid to:

Attorney Evan J. Shenkman
Ogletree, Deakins, NASH,
10 Madison Avenue, Suite 402
Morristown, New Jersey 07960

November 1, 2005
Date

signature

**BEHZAD A. SAMIMI**
36 Emerald Road • Springfield, Massachusetts 01119
Email: samimibdvs@aol.com
Home: (413) 782-0258
Cell: (413) 237-5295

---

**Date:** October 31, 2005

**Re:** Behzad A. Samimi (Pro-Se Plaintiff)/ Verses
TYCO Healthcare/ Ludlow/ Ludlow Technical Product, (Defendants)

**Case #:** 3:05-cv-30054-MAP

**To:** Ms. Liz, Office of the Clerk
United States District Court
United States Courthouse
1550 Main Street, Springfield, MA 01103

**Case #:** 3:05-cv-30054-MAP

**Subject:** Authorized "Opposition" Briefing Filing of 1-Day Late

Dear Ms. Liz:

Respectfully Yours, I am submitting this letter as per our conversation and your request. As a reminder please note that this afternoon after my explanation of me having difficulties to get there you have very kindly allowed me to file this Opposition Motion 1-day late.

Please note that you should be receiving this Opposition Motion Package no later than the close date of the November 1, 2005.

Once again, thank you very much for your kind consideration. If you have any question please do not hesitate to contact my cell phone at 413-237-5295.

Sincerely Yours,

Behzad A. Samimi

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CLERK'S NOTICE


This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.