

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

10 Madison Avenue
Suite 402
Morristown, New Jersey 07960
Telephone: 973.656.1600
Facsimile:  973.656.1611
www.ogletreedeakins.com

December 7, 2005

**VIA OVERNIGHT MAIL**
Honorable Kenneth P. Neiman, U.S.M.J.
Federal Building & Courthouse
1550 Main Street
Springfield, MA 01103

    Re:   *Behzad A. Samimi v. Tyco Healthcare/Ludlow, Ludlow Technical Product*
           Case No. 3:05-cv-30054 (MAP)(KPN)

Dear Judge Neiman:

    We represent defendant Ludlow Technical Products, a Division of Tyco Healthcare Group LP ("Ludlow") in the above referenced matter. In connection with its pending Motion to Dismiss, Ludlow respectfully requests leave to submit this letter enclosing the recent decision of the First Circuit Court of Appeals involving the same parties as herein. The Court of Appeals' decision solidifies Ludlow's *res judicata* argument. All of the claims plaintiff makes in his complaint were asserted or could have been asserted in the first action. As such, he is precluded from raising those claims in the within action. *See Hughes v. McMenamon,* 379 F.Supp.2d 75, 78 (D. Mass. 2005)(quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).

    Therefore, Ludlow respectfully reiterates its request that plaintiff's complaint be dismissed in its entirety with prejudice.

                                        Respectfully submitted,

                                        OGLETREE, DEAKINS, NASH,
                                        SMOAK & STEWART, P.C.

                                        Evan J. Shenkman

Enclosure

cc:   Mr. Behzad A. Samimi (via overnight mail w/encl.)

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN
Kansas City, MO • Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Phoenix, AZ • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Washington, DC

A South Carolina Professional Corporation
Patrick M. Stanton  ■  New Jersey Managing Shareholder

Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 04-2632

BEHZAD A. SAMIMI,

Plaintiff, Appellant,

v.

TYCO HEALTHCARE/LUDLOW/KENDALL-LUDLOW,
TECHNICAL PRODUCTS, LTP,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Behzad A. Samimi on brief pro se.
Peter O. Hughes and Ogletree, Deakins, Nash, Smoak & Stewart, P.C. on brief for appellee.

December 1, 2005

**Per Curiam**. Plaintiff appeals from district court orders granting defendant's motion to dismiss the complaint and denying plaintiff's motion to reconsider the dismissal.[1] Reviewing the dismissal of the complaint _de novo_ in light of the record and the submissions on appeal, we see no error. Plaintiff's complaint was properly dismissed for failure to state any cognizable claim. There was no abuse of discretion in the denial of plaintiff's motion for reconsideration.

While plaintiff attempts to assert new claims and to present additional documents, because these matters were not brought to the attention of the district court, they cannot be considered on appeal. _Evangelista_ v. _Secretary of Health & Human Servs._, 826 F.2d 136, 144 (1st Cir. 1987). To the extent plaintiff argues that he should be permitted to amend the complaint, he did not file a motion to amend the complaint in the district court, and, in any event, has offered no reason to believe that an amendment might cure the defects in the complaint. Plaintiff's allegation of judicial bias also was not raised in the district court and is meritless in any event.

_Affirmed_. _See_ 1st Cir. R. 27(c).

---

[1] We do not discuss defendant's separate contention that the appeal fails because of plaintiff's flagrant failure to comply with the procedural requirements of the Federal Rules of Appellate Procedure. A _pro se_ party is obligated to comply with procedural rules. _Ahmed_ v. _Rosenblatt_, 118 F.3d 886, 890 (1st Cir. 1997). Because plaintiff's appeal lacks substantive merit, we elect to proceed on that basis.

Peter O. Hughes, Esq.
Stanton, Hughes, Diana
Cerra, Mariani & Margello
10 Madison Ave.
Suite 402
Morristown, NJ   07960

------------------------------------------------------

# United States Court of Appeals
## For the First Circuit

No. 04-2632

BEHZAD A. SAMIMI,

Plaintiff, Appellant,

v.

TYCO HEALTHCARE/LUDLOW/KENDALL-LUDLOW,
TECHNICAL PRODUCTS, LTP,

Defendant, Appellee.

**JUDGMENT**

Entered: December 1, 2005

This cause came on to be submitted on the briefs and original record on appeal from the United States District Court for the District of Massachusetts.

Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: The judgment of the district court is affirmed. See 1st Cir. R. 27(c).

By the Court:

RICHARD CUSHING DONOVAN

Richard Cushing Donovan, Clerk

[cc: Mr. Samimi & Mr. Hughes.]