Date:   December 22, 2005

From:   Behzad A. Samimi,
        36 Emerald Road, Springfield, MA
        Tel #: 413-782-0258
        E-mail: samimibdvs@aol.com

To:     Honorable Kenneth P. Neiman, U.S.M.J

        United StatesDistrict Court

        Office of the Clerk, United States Courthouse

        1550 Main Street, Springfield, MA 01103

Re:     Behzad A. Samimi (Pro-Se Plaintiff)/ Verses

        TYCO Healthcare/ Ludlow/ Ludlow Technical Product, (Defendants)

Case #:  3:05-cv-30054-MAP

## The Honorable United States District Court:

a)-   Very respectfully yours, your honor, I am writing this "pre-briefing objection letter" as the result of having received the above defendant's letter dated December 7, 2005.   Please make a note that I am strongly opposing the defendant's letter dated December 7, 2005.

b)-   Please note that this letter is not to be considered a final and concluding Rebuttal letter of the plaintiff, but just a partial respond/ rebuttal

letter to the defendant's last communication with the US-District Court dated December 7, 2005.

c)-     Please note that this letter is also to be known just a pre-briefing objection letter, since I have requested for extension of time for my final rebuttal briefing and am currently in the process of compiling a very comprehensive opposition letter to the First Circuit of Appeals. This opposition letter is to be known as my "Petition Briefings for Rehearing and Review of the First Circuit Appeals final ruling that the defendant is referring to at their letter dated December 7, 2005. A copy of this Petition Briefing for Rehearing and Review in near future is to be submitted to the Honorable US-District Court and is to be considered supplementary opposition briefing to this pre-briefing letter.

d)-     Your honor I am confident that you have also become aware of the defendant's "focal intention" of forwarding their December 7, 2005 letter in which they enclosed the recent unjustifiable final decision of the First Circuit Court of Appeals. A case in which involved exclusively different parties and different claims assertions herein. Please note that the first action was entirely different in which only consisted of my rushed two-pages of handwritten complaint in order for me to barely meet the last minute complaint filing deadline. That original complaint 2-page first action complaint was submitted in

a hurry as the result of sudden unknown computer virus/ crash and complete loss of the case gathered over 50-pages of complied written complaint descriptions right before the submittal. That is why almost all of the Second Action detailed complaints from the defendants series of misconducts were not and could not have been asserted in the first action.

e)- Please note that I firmly believe that the defendant's actual and central intension to submit their letter dated December 7, 2005 to the US District Court has been in order to solidify and persist their unethical misconducts. Doing so, they have been in a roundabout way trying to again manipulate the District Court by way of indirect communication with the Court. The defendant in the court due processing is totally determined to continually shield their series of willful misconducts "at all cost" rather than taking appropriate safety corrective actions and measurements. They are also attempting to distract and escape from their series of willful unsafe/ endangerment misconducts through merely referring to that First Circuit's judicial biased/ conflict of interst and immense erroneous final ruling.

f)- Please note that the defendant had already defaulted/ failed to rebut/ respond to my detailed opposition letter dated 10-31-2005. I believe since they had a lot to hide that they could not, or were told not to respond to my letter

dated 10-31-2005. <u>This action alone (not responding) should be an indication to the US District Court that the above defendant have acknowledged/ affirmed my opposition charges and should be construed as admission of guilt on their serious charges of misconducts.</u> I am also confident that the defendant were afraid and coached to not say anything in writing of the serious charges against them that can be used in contrast to their respond in a cross examination during the potential court due processing.

g)-     Your Honor, I am vigorously disputing that final ruling of First Circuit in which I am confident that the First Circuit Appeals must have failed to actually reading the 120-pages and the over 600-pages of the attachments and many more additional motions that was filed. I am even suspicious that most likely a biased pre-selected clerk's office staff assigned to the case possibly have summarized her/ his personal philosophy/ agenda to influence the unjust concluding final ruling of the appeals case. Otherwise, there is no way that the Honorable First Circuit of Appeals could possibly come up with such astonishing unjust/ unfair final ruling of a blunt case of 101 % substantive merit. What I also suppose is that the First Circuit has just made erroneous speculations and assumption for their final ruling since they did not actually detailing the reasoning of their decision. There is no doubt in my mind that when that case goes to the Supreme Court through series of appeals it will be

reversed entirely. Please note that I have just recently requested for a detail explanation and reasoning of the First Circuit's final decision in order to rebut the First Circuit's unjust final ruling.

h)-   I strongly believe if the First Circuit would have actually taking their time to read the details of the complaint and all the attachments they would have called this public safety case fully substantive merit.

i)-   I am firmly confident that the First Circuit erroneous Final Ruling has been merely on the basis of the Plaintiff's obvious inexperienced "Pro-Se not by choice technical writing failure". And, most certainly for merely not complying "fully" with all the complicated legal procedural requirements rather than what the court is so-called asserting for "lacking the substantive merit".

j)-   Pease note that I am planning to vigorously challenge this incorrect final ruling of the First Circuit predominantly the "no substantive merit" ruling through a series of appeals and all the way to the Supreme court and most certainly all the way up to the congress and international consumer product safety and protection.

k)-   The defendant also have used this erroneous vague and inappropriate/ improper phrasing contents of the unjust First Circuit's final ruling justification to their advantage. And, consequently to influence the impending US-District

Court's final ruling to their continual self interest. I am not an attorney by any means, but I believe in my very limited knowledge of legal due processing proceedings that the above defendant has committed an indirect act of borderline being considered unlawful, disloyal and deceitfulness not only to the public but also to the Honorable US-District Court.

l)- The defendant have been attempting to continue taking self interest and to have taken advantage of the First Circuit's subjective final ruling to affirm their mutual "special interest" and self centered agendas at all costs.

m)- The defendant by forwarding the First Circuit's final ruling have been indirectly challenging the District Court and are attempting to shift and placing the burden in an attempt to negatively influence/ undervalue/ sway and intimidate the Honorable Court of the US District Court due processing.

n)- They also have been all along attempting intensely manipulating and using their influence and power to sweeping this pressing case of the Public Safety under the carpet. The very same defense strategies that they have been using from the very start of this public safety case all along.

o)- The defendant have been all along refraining to respond to the serious charges of detailed & sequence series of the willful unsafe misconducts against them. It is obvious that they fear anything they say can be used against them.

p)-     However, I as inexperienced pro-se plaintiff have had nothing to hide and all along in the past 4-years have been providing every judicial processing systems along the way series and sequences of the defendants willful safety and discriminatory misconduct events, names, dates and documentations. My strongest incriminating and challenging the defendant are numerous credible witnesses and being able to gather all the detailed testimonial of the victims involved to come forward and substantiate in details all the willful safety and discriminatory misconducts of the defendant.

q)-     The defendant at their letter dated December 7, 2005 is stating that: *"Therefore, Ludlow respectfully reiterates its request that plaintiff's complaint be dismissed in its entirely with prejudice"*. They are merely attempting to establish the dismissal of this case in its entirely and obviously "with prejudice". The very same "prejudice behavior" that they have been doing against their workers, their shareholders, and their disregard for their innocent consumer product users that are considered most vulnerable (including the infant patients by producing unsafe/ contaminated/ defective products).

**101% of Substantive Merit of the Appeal of this Public Safety Case:**

r)-     I strongly disagree with the First Circuit Appeals Final Ruling. Just the below mentioned series of events that has been brought up to the attention of the Court makes this public safety case substantive merit:

s)-    Just as a reminder, please note that I as a former Manufacturing Supervisor at the Tyco Healthcare/ Ludlow (Ludlow Technical Products) and having known and witnessed many workers heartbreaking injuries that caused as the direct result of the above defendants intentional unsafe work practice to increase productivity at all costs taking away safety. A parent company (TYCO) that has annual revenue of 40-billion dollars and well over 40% net profitability. Many of my suggested corrective actions as a concern Manufacturing Supervisor in an attempt to preventing additional workers injuries were willfully ignored in order to cut even more cost down and to even save more money. One of my concerns of the fear of the excessive combination of several combustible chemical powders in the department accumulated static charge, and in which had resulted in a massive explosion tragedy when a worker attempted to use his non explosive/ non grounded vacuum for housekeeping purposes. This caused the employee to severely burn 75% of his entire body, including greatly suffering a permanent disfiguration of his face, neck, shoulders and his entire both arms extending to his shoulders. One person's entire arm went through a press machine causing permanent injury disfiguration. Another incident an entire a young worker lost his 4-fingers from the base of his hand to non-finding. In other instances, other department workers have had back injury.

t)- Almost every one of these accidental injuries was as a direct result of unsafe work environments created by the management's neglect in not identifying potential hazards. At the above defendant's work site orchestrated by the top management, in an attempt to speed up the production at all costs. They were deliberately not enforcing safety standard measurements, and were overlooking safety procedures and to intentionally allowing workers to practice in unsafe work conditions and unsafely operating their machinery. They were rather to concentrate on the bottom line issue ($) rather than making workers safety their top priority.

u)- Please see my attached original complaint letter dated August-1 & August-6, 2002 to the OSHA & MCAD for the detail and sequences & series of willful/ intentional unsafe work practices. Please also see that finally at the end when I became frustrated of their willful unsafe misconducts inin unsafe iimmy last two recommendation letters dated December 13, 2001 and the January 17, 2002 in which since it was in writing and to the top managements caused my retaliatory job termination and almost 1-year of unemployment.

v)- The above defendant after my penalized job termination repeatedly and continually in an attempt to even retaliate more refrained from giving reference when potential employers called for reference. They would say

something like that "we refrain from saying anything since we are currently in litigation proceedings with Mr. Behzad Samimi". I am sure that the Court can imagine the rest of the picture with that remarks

## CONCLUSION:

w)- For the reason stated above and much more not listed I, Behzad A. Samimi, a Pro-Se Plaintiff (not by choice) believe that the defendant's letter dated December 7, 2005 that they are making a reference has 101% substansive merit case and much more. I am very respectfully requesting that the Honorable Court grant the Plaintiff's Motions, as well as bestowing a fair judicial due processing. Please note that as I have repeatedly communicated to the court that this case is not about me and my wants, but it is about public/ worker safety, patient safety and the consumer protection and the defendant's "motion to dismiss" should be totally denied.

Very Respectfully Submitted,

Behzad A. Samimi