UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEHZAD SAMIMI,            )
      Plaintiff            )
                          )
v.                        )   Civil Action No. 05-30054-MAP
                          )
TYCO HEALTHCARE / LUDLOW / )
LUDLOW TECHNICAL PRODUCT, )
      Defendant            )

REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANT'S MOTION TO DISMISS (Document No. 5)
January 13, 2006

NEIMAN, U.S.M.J.

Proceeding *pro se*, Behzad Samimi ("Plaintiff") brings this action against his former employer, Ludlow Technical Products, a Division of Tyco Healthcare Group LP ("Defendant").[1]  Defendant's motion to dismiss Plaintiff's complaint has been referred to this court for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B).  For the following reasons, the court will recommend that Defendant's motion be allowed.

I. BACKGROUND

This is Plaintiff's second time before this court.  In Civil Action No. 04-30115-MAP (hereinafter "the prior action"), Plaintiff filed a three-page handwritten complaint -- accompanied by dozens of pages of exhibits -- in which he alleged that Defendant was responsible for many health and safety violations at its Ludlow, Massachusetts, facility.  Plaintiff also complained that Defendant's termination of his employment on February 8,

---

[1] In his papers, Plaintiff misnames Defendant as Tyco Healthcare / Ludlow / Ludlow Technical Product.

2002, violated a variety of laws. (See generally Document No. 1 in the prior action.)

Defendant moved to dismiss Plaintiff's prior complaint, arguing that it failed to state claims upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In granting Defendant's motion to dismiss on September 16, 2004, District Judge Michael A. Ponsor stated that Defendant's arguments were "persuasive" and that Plaintiff had also failed to file an opposition as provided by the local rules. The First Circuit affirmed that decision on December 1, 2005, stating that "Plaintiff's complaint was properly dismissed for failure to state any cognizable claim." (See Document No. 10, Letter from Defendant attaching copy of First Circuit's decision and judgment.)

In the interim, on February 23, 2005, Plaintiff filed the present action, which the court has liberally construed given Plaintiff's *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The instant complaint purports to expand the claims made in the prior action, *i.e.*, it now contains thirty-six typed pages and is accompanied by yet more exhibits. At its core, however, the complaint continues to allege that Plaintiff's employment "was terminated as the result of just wanting a safe working condition for myself and my coworkers." (Complaint at 2.) In due course, Defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) and Plaintiff filed a host of opposition documents.[2]

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss should be granted when a review of the

---

[2] As stated in its Electronic Order of January 4, 2006, the court has considered all of Plaintiff's recent submissions (*e.g.*, Document Nos. 8, 11-13) to be part of his opposition to Defendant's motion to dismiss.

complaint shows that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See Fed. R. Civ. P. 12(b)(6); *Wagner v. Devine*, 122 F.3d 53, 55 (1st Cir. 1997). The court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994). If a plaintiff's claims do not establish recognized legal theories for which relief may be granted, then the court must dismiss the complaint. See *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988).

To be sure, a plaintiff's *pro se* allegations are entitled to a liberal construction no matter how inartfully pleaded. See *Haines*, 404 U.S. at 520-21. Nevertheless, dismissal is appropriate when a plaintiff cannot prove any set of facts entitling him to relief. See *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

### III. DISCUSSION

The court agrees with Defendant that the complaint ought to be dismissed on *res judicata* grounds. As District Judge Nathaniel M. Gorton recently explained, "[t]he doctrine of *res judicata* provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Hughes v. McMenamon*, 379 F. Supp.2d 75, 78 (D. Mass. 2005) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Accordingly," Judge Gorton continued, "*res judicata* requires (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Id.* at 78-79 (citing *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir.1994)).

In the court's view, the three *res judicata* elements are easily established here. First, the prior action was dismissed on its merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (Rule 12(b)(6) dismissal is a "judgment on the merits")). Second, the causes of action between the two suits are, in essence, identical. To be sure, Plaintiff asserts that the prior complaint was comprised of only several pages of "hand written notes," while the present complaint consists of "36-pages of typed writing" and, therefore, the suits are somehow different. (Complaint at 4.) Plaintiff goes on to acknowledge, however, that he is presently trying to "rewrite" his complaint with more details because, when drafting the prior action, his "computer for some unknown reason had encountered a crash just before the completion of typed written data that [he] planned to file with the U.S. District Court." (*Id.* at 9.) Third, there can be no dispute that the parties are the same. In Plaintiff's own words, the two actions are "direct[ly] link[ed]" and are filed "against the same . . . defendant." (Document No. 2, Plaintiff's Emergency Motion filed June 23, 2005 at 3.)[3]

In addition, Defendant has meticulously described how Plaintiff's complaint, filed on February 23, 2005, *i.e.*, more than three years after his termination on February 8, 2002, is barred by each an every statute of limitations period which might possibly apply. (See Document No. 5, Mem. of Law in Support of Def.'s Motion to Dismiss at 6-

---

[3] Elsewhere in his papers, Plaintiff attempts to argue that the defendant in the prior action -- Tyco Healthcare / Ludlow / Kendall-Ludlow Technical Products, LTP -- was a different entity as Defendant here. (See, *e.g.*, Document No. 8, Plaintiff's 8-Emergency Motions at 3.) But, as Defendant notes, both the name Plaintiff used in the prior action and the name ascribed to Defendant here are simply misnamed references to Plaintiff's former employer, Ludlow Technical Products, a Division of Tyco Healthcare Group LP. (See n.1, *supra*.)

9.) Finally, Defendant makes an equally compelling, and essentially unrebutted, argument that, insofar as Plaintiff may be alleging violations of the Massachusetts Wage and Hour Laws and Wage Payment Statute or the Massachusetts Equal Rights Act, he has failed to exhaust his administrative remedies with respect thereto. (See *id.* at 9-10.) Accordingly, the court will recommend that the action be dismissed.

## IV. CONCLUSION

For the reasons stated, the court recommends that Defendants' motion to dismiss be ALLOWED.[4]

DATED: January 13, 2006

                           /s/ Kenneth P. Neiman
                           KENNETH P. NEIMAN
                           U.S. Magistrate Judge

---

[4] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.